IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 17, 2004

## FREDERICK D. RICE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 243119     Stephen M. Bevil, Judge**

_____

**No. E2004-01135-CCA-R3-PC - Filed January 10, 2005**

_____

The Appellant, Frederick D. Rice, appeals the judgment of the Hamilton County Criminal Court dismissing his petition for post-conviction relief. On appeal, Rice raises the single issue of whether he was denied the effective assistance of counsel at trial. After review of the record, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA McGEE OGLE, JJ., joined.

Kevin T. Beck, Chattanooga, Tennessee, for the Appellant, Frederick D. Rice.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Brent C. Cherry, Assistant Attorney General; Bill Cox, District Attorney General; and Neal Pinkston, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural Background**

In June of 2000, the Appellant was convicted of first degree premeditated murder and first degree felony murder by a Hamilton County jury. The trial court subsequently merged the two convictions and sentenced the Appellant to life in prison. On direct appeal, the Appellant's conviction and sentence were affirmed. *State v. Frederick D. Rice*, No. E2000-2389-CCA-R3-CD (Tenn. Crim. App. at Knoxville, June 17, 2002), perm. to appeal denied, (Tenn. 2002).

The relevant facts, as summarized by this court on direct appeal, established:

This case relates to the murder of Anthony Wayne Sims. Debra Fuqua testified that on October 26, 1998, she was walking to a friend's house and saw the victim and the

[Appellant] near the intersection of Curtis and Sherman Streets in Chattanooga. She said that she knew the [Appellant] as "Johnny Boy" and that she had purchased drugs from him in the past. She said that the victim and the [Appellant] were standing behind a gray car and that the victim was showing the [Appellant] something in a black cloth briefcase. She said that the two men were standing face-to-face and "having some words" when the [Appellant] shot the victim in the head. She said that the victim fell from behind the car and that the [Appellant] looked at her and said, "Bitch, you'll be next." She said that when the police arrived, she did not tell them about what she had seen because she was afraid for her life. She said there was no doubt in her mind that the [Appellant] shot the victim.

. . .

Nathan Benford testified that he was a federal prisoner serving a life sentence for conspiracy to distribute crack cocaine. He said that about October 1998, he was being held in the Hamilton County Jail and shared a cell with [the Appellant]. He said that [the Appellant] told him the following: The victim drove a car full of guns to the [the Appellant's] house. [The Appellant] wanted a gun that the victim kept in a black case. [The Appellant] and the victim left in the victim's car and drove a few blocks. [The Appellant] got out of the car and shot the victim in the head. [The Appellant] got the guns out of the victim's car, ran around the corner, and got into a maroon Cadillac with two men inside. [The Appellant] buried the murder weapon in the backyard.

*Id*.

In February of 2003, the Appellant filed a *pro se* petition for post-conviction relief, alleging that he was denied the effective assistance of counsel. Following the appointment of counsel, amended petitions were filed, and an evidentiary hearing was held on October 15, 2003. The post-conviction court denied relief by written order of November 3, 2003, and entered an amended order finalizing the denial of the petition on January 22, 2004. This timely appeal followed.

**Analysis**

On appeal, the Appellant asserts that trial counsel's representation was deficient because counsel "failed to call an available witness tending to corroborate Appellant's alibi." To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a

reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068) (citations omitted).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Id.* at 461. "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id.*

At the post-conviction hearing, trial counsel testified that he had contacted Charles Lovelace, the alleged alibi witness, at the Appellant's request in preparation for trial. This contact was approximately five months prior to the scheduled trial date. Counsel explained that Lovelace was unable to identify the specific date of the homicide and "was somewhat evasive, he didn't recall what day it was or what the timeframes were." Based upon this conversation, trial counsel "determined that the dates would not work, the times would not work and it would not be useful for [the Appellant] to put that on." At the post-conviction hearing, Charles Lovelace testified that he and the Appellant were working on Lovelace's car the day of the murder from 2:45 p.m. to 6:00 or 7:00 p.m.

In dismissing the petition, the post-conviction court concluded:

Before trial, the [Appellant] informed counsel of the car repair and identified Mr. Lovelace . . . as [a] possible alibi witness[]. Counsel questioned two persons . . . , though Mr. Lovelace denied that counsel contacted him. . . . [Lovelace] was [not] certain of the day or the time of the car repair.
    In any event, Mr. Lovelace's testimony that, from 2:45 p.m. to 6:00 or 7:00 p.m. on 26 October 1998, the day of the murder, the [Appellant] was helping him repair his car does not give the [Appellant] an alibi for the time of the murder. Nor, by placing the [Appellant] in the role of Good Samaritan in the vicinity of the crime scene approximately two hours after the murder, does it rationalize an inference of innocence. . . . The Court therefore finds no clear and convincing evidence that

counsel's performance in this respect was deficient or that any deficiency was prejudicial.

We find nothing in the record to preponderate against the post-conviction court's findings. Questions concerning credibility of witnesses, the weight and value given to their testimony, and the factual issues raised by the evidence are to be resolved by the trier of fact. *Henley*, 960 S.W.2d at 579. We will not reweigh or reevaluate the evidence or substitute our inferences for those drawn by the post-conviction court. *Id*. at 579-80. The record establishes that the post-conviction court accredited the testimony of trial counsel, that counsel did contact Lovelace, and that "[Lovelace] was [not] certain of the day or the time of the car repair." Notwithstanding, the fact that Lovelace's statements of the events have become more discerning and specific with the passing of years, any alleged deficiency must be reviewed in the context of counsel's contemporaneous assessment of the facts at the time of the alleged error. *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844 (1993); *Beck v. State*, No. 03C01-9412-CR-00452 (Tenn. Crim. App. at Knoxville, Aug. 29, 1995). Because the testimony related by Lovelace at the evidentiary hearing was not provided to counsel prior to trial, no deficiency is shown.

Moreover, we agree with the post-conviction court's finding that the Appellant has failed to demonstrate prejudice. The proof established that the homicide occurred at approximately 1:00 p.m. Eyewitness testimony placed the Appellant at the scene of the crime, and the Appellant admitted to a cellmate that he had committed the crime. Even if Lovelace had testified at trial that he was with the Appellant from 2:45 p.m. to 6:00 p.m., this testimony would not have provided an alibi. Accordingly, no prejudice has been shown.

## CONCLUSION

Based upon the foregoing, we affirm the dismissal of the petition for post-conviction relief by the Hamilton County Criminal Court.

_____
DAVID G. HAYES, JUDGE

-4-